# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| RAYMOND J. TRAYLOR, SR., | Case No. 18-CV-1871 (JNE/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| JEFF TITUS, Warden, and TOM ROY, Comm. of Corrections, | |
| Defendants. | |

On June 4, 2018, plaintiff Raymond J. Traylor, Sr., filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Traylor v. Commissioner of Corrections*, No. 18-CV-1583 (JNE/SER) (D. Minn.). In that action, Traylor challenges the validity of a state court conviction on two counts of first-degree criminal sexual conduct. The habeas petition in that matter remains pending.

In July 2018, Traylor filed a petition for a writ of mandamus. *See* ECF No. 1. Unclear from the documents submitted by Traylor along with his mandamus petition is whether Traylor intended his mandamus petition to be considered *separately* from his habeas petition or *in conjunction with* that petition. In either case, though, the relief sought by Traylor in his mandamus petition is identical from that sought in the habeas petition: that his conviction be vacated and that he be released from incarceration. No new grounds for relief or arguments are raised in this mandamus proceeding, which is duplicative of the ongoing habeas proceeding.

1

In any event, apart from the issue of needless duplication of proceedings, "federal courts have no authority to direct mandamus to state officials in the performance of their duties." *Iowa City-Montezuma R. R. Shippers Ass'n v. United States*, 338 F. Supp. 1383 (S.D. Iowa 1972) (citing *Graham v. Norton*, 82 U.S. 427 (1873)).  Traylor was correct the first time around.  The relief he seeks from state officials is in the nature of habeas corpus, not in the nature of mandamus, which this Court is without authority to issue.

For those reasons, it is recommended that this action be dismissed without prejudice to Traylor's right to proceed in the ongoing habeas corpus action.  Traylor's application to proceed *in forma pauperis* may be denied, as this action is recommended for dismissal. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996).  To the extent that the certificate of appealability is needed to appeal from the dismissal of this action, *see* 28 U.S.C. § 2253(c)(1)(A), it is recommended that none be issued.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE.

2. The application to proceed *in forma pauperis* of plaintiff Raymond J. Traylor, Sr. [ECF No. 2] be DENIED.

3. No certificate of appealability be issued.

Dated: August 17, 2018                          s/ *Steven E. Rau*
                                                Steven E. Rau
                                                U.S. Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).